IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | No. 92-504-6 |
| LORENZO DUNCAN | : | |

MEMORANDUM

**Juan R. Sánchez, J.**                                                                  May 3, 2013

      Defendant Lorenzo Duncan's has filed a pro se Petition for Reconsideration of Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), asking this Court to reduce his sentence pursuant to § 3582(c)(2) based on Amendment 505 to the United States Sentencing Guidelines, which reduced the maximum base offense level in the Drug Quantity Table in U.S.S.G. § 2D1.1 to 38, eliminating the formerly available base offense levels of 40 and 42, effective November 1, 1994.[1] Because Duncan unsuccessfully sought a sentence reduction on this basis on several occasions before this case was reassigned to the undersigned district judge, he asks the Court to reconsider the denial of his earlier motions and grant the requested reduction. Although the Government initially opposed Duncan's request, it has since withdrawn its opposition and agrees Duncan's sentence should be reduced.

**BACKGROUND**

      In May 1993, a jury convicted Duncan of one count of conspiracy to distribute cocaine and heroin (Count 1s), three counts of distribution of cocaine and heroin and aiding and abetting (Counts 4s–6s), and two counts of unlawful use of a communication facility (Counts 18s–19s). In September 1993, United States District Judge James T. Giles sentenced Duncan to 480 months of imprisonment on all counts. In 1997, approximately two years after his direct appeal was

---

[1] The Sentencing Commission subsequently made Amendment 505 retroactive through Amendment 536.

denied, *see United States v. Edmonds*, 52 F.3d 1236 (3d Cir. 1995), Duncan filed a motion pursuant to 28 U.S.C. § 2255, which he promptly amended to include a sentence reduction claim pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 505. The Government agreed Duncan was eligible for a sentence reduction, as Amendment 505 had the effect of lowering Duncan's Guidelines range from 360 months–life (based on a base offense level of 40) to 324–405 months (based on a reduced base offense level of 38); however, it nevertheless opposed Duncan's motion, arguing a reduction was not warranted because of his role in the conspiracy and criminal record. Judge Giles denied the sentence reduction motion and also denied Duncan's subsequent motion for reconsideration. In February 2002, Duncan filed another sentence reduction motion, which Judge Giles also denied.

In December 2008, this case was reassigned to the undersigned district judge. Duncan thereafter filed the instant petition in April 2010, again asking this Court to reduce his sentence based on Amendment 505. The Government initially opposed Duncan's request.

In April 2011, while Duncan's motion was pending, this Court granted a similar sentence reduction motion filed by Theodore Edmonds, one of Duncan's codefendants and the leader of the cocaine and heroin distribution enterprise in which Duncan participated. Edmonds had originally received a life sentence based on a Guidelines range of life imprisonment; however, Amendment 505 had the effect of lowering Edmonds's sentencing range to 360 months–life. Contrary to its position in this case, the Government did not oppose a reduction for Edmonds, who, the Government noted, was being treated for end stage renal failure at a Bureau of Prisons medical facility. Without objection from the Government, this Court granted Edmonds's sentence reduction motion and reduced his sentence to 360 months.

In January 2012, the Government filed an amended response to Duncan's petition for reconsideration, withdrawing its earlier opposition, agreeing this Court has jurisdiction to grant reconsideration in the unusual circumstances of this case, and urging the Court to reduce Duncan's sentence in the interests of justice and, in particular, to avoid an unwarranted sentencing disparity with Edmonds, whose life sentence had been reduced to 360 months based on Amendment 505. The Government also argues some degree of sentence reduction is appropriate to avoid an unwarranted sentence disparity with Carlton Love, another of Duncan's codefendants, who received a lower sentence when he was resentenced following direct appeal after Amendment 505 took effect. Love was originally sentenced to 360 months based on a Guidelines range of 360 months–life. On remand, he was resentenced to 330 months based on a lowered Guidelines range of 292–365 months.[2] Given the sentence reductions received by Edmonds and Love, the Government argues this Court should grant reconsideration and reduce Duncan's sentence to 360 months to prevent a manifest injustice.

In January 2013, this Court appointed counsel to represent Duncan in connection with the instant petition for reconsideration. On April 26, 2013, this Court held a teleconference with counsel for the parties to discuss the pending motion and to determine whether the Court should hold a hearing on the motion. Counsel agreed a hearing is unnecessary in this case. *See United States v. Styer*, 573 F.3d 151, 153-54 (3d Cir. 2009) (recognizing sentence reduction proceedings pursuant to § 3582(c)(2) "do not constitute a full resentencing of the defendant" (quoting U.S.S.G. § 1B1.10(a)(3))). When asked whether the parties agreed a reduced sentence of 360

---

[2] Although Love was resentenced after Amendment 505 took effect, it is not entirely clear whether the court applied the pre- or post-Amendment 505 version of the Guidelines at resentencing. Because Love was held accountable for a reduced quantity of drugs at resentencing, however, his sentencing range was the same under both versions. *See United States v. Love*, Criminal No. 92-504-5, Mem. 4-5 (Jan. 24, 2013), ECF No. 811.

months is appropriate, Duncan's counsel stated a sentence modestly below 360 months would be appropriate to account for the differences in culpability among Duncan and his codefendants as reflected in their original sentences.

**DISCUSSION**

Because it is undisputed Amendment 505 has the effect of lowering Duncan's sentencing range from 360 months–life to 324–405 months, § 3582(c)(2) authorizes this Court to reduce Duncan's term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In determining whether a reduction is warranted and the extent of any reduction, the court must consider not only the § 3553(a) factors but also "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(ii). The Court may also consider "postsentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id.* cmt. n.1(B)(iii).

Upon consideration of the § 3553(a) factors, the potential danger to the public if Duncan's sentence is reduced, and Duncan's postsentencing rehabilitative conduct, this Court finds a reduced sentence of 359 months is appropriate in this case. The nature and circumstances of Duncan offense conduct and his level of involvement in the drug conspiracy are undeniably serious, involving roughly 1,000 kilograms of cocaine. At the same time, Amendment 505 reflects the Sentencing Commission's determination "that the extension of the Drug Quantity Table above level 38 for quantity itself is not required to ensure adequate punishment given that organizers, leaders, managers, and supervisors of such offenses will receive a 4-, 3-, or 2- level enhancement for their role in the offense, and any participant will receive an additional 2-level

enhancement if a dangerous weapon is possessed in the offense." U.S.S.G. app. C. The Amendment contemplates that an upward departure above offense level 38 on the basis of drug quantity may be appropriate in an "extraordinary case," such as "where the quantity is at least ten times the minimum quantity required for level 38," *id.*; *see also* U.S.S.G. § 2D1.1 cmt. n.26(B); however, Duncan's case is not such an extraordinary case.

Duncan's criminal history is also serious, including prior convictions for aggravated assault and possession of a firearm by a convicted felon. As Judge Giles found at the original sentencing hearing, moreover, Duncan "was prepared to use the force of a gun in relation to this charged drug conspiracy," though "[t]o his credit, there is no evidence that he did, in fact, use a gun." Sentencing Hr'g Tr. 60, Sept. 14, 1993. Since his conviction, however, Duncan has made significant efforts to rehabilitate himself, taking numerous courses and obtaining a GED, as detailed in Duncan's own pro se petition and in the Government's amended response. The Government also represents that Duncan's disciplinary infractions during his more than 20 years of incarceration in the instant case have been "for minor offenses that do not raise a concern about his behavior and his rehabilitative progress." Gov't's Am. Resp. to Def.'s Pet. for Reconsideration 14. In light of the policy embodied in Amendment 505 and Duncan's postsentencing record and rehabilitative efforts, and because his criminal history is adequately represented by his placement in criminal history category IV, this Court does not believe granting Duncan a sentence reduction will endanger the public.

Of critical importance to this Court's decision to grant a sentence reduction and determination of the extent of the appropriate reduction is the need to avoid unwarranted sentence disparities among similarly situated codefendants. Given that Edmonds, the leader of the conspiracy who was originally sentenced to life imprisonment, received a reduced sentence

5

of 360 months based on Amendment 505, this Court agrees a sentence reduction for Duncan is necessary in the interest of justice. Although Duncan himself seeks a reduced sentence of 324 months, the bottom of his revised sentencing range, such a sentence would create an unwarranted disparity with Love, who Judge Giles found was significantly less culpable than Duncan. A 324-month sentence would also be dramatically out of line with Duncan's original sentence, which, at 480 months, was well above the 360-month bottom of his original sentencing range. In sentencing Duncan and Love, both of whom were originally subject to the same sentencing range of 360 months–life, Judge Giles imposed a significantly higher sentence on Duncan because of his more extensive criminal history, greater degree of involvement in the conspiracy, and readiness to use "the force of a gun" in furtherance of the conspiracy (although he did not actually do so). Sentencing Hr'g Tr. 60. When Love was resentenced following appeal based on a reduced sentencing range of 292–365 months, Judge Giles reduced Love's sentence modestly to 330 months. A sentence of 359 months, which is below the midpoint of Duncan's revised sentencing range of 324–405 months, reflects Duncan's greater level of culpability and dangerousness than Love, while also preserving a distinction in culpability between Duncan and Edmonds. A sentence of 359 months is also appropriate in light of the seriousness of the offense, and taking into account the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes by Duncan.

    For all of the foregoing reasons, Duncan's petition will be granted and his sentence will be reduced to 359 months. An appropriate order follows.

BY THE COURT:

    /s/ Juan R. Sánchez
    Juan R. Sánchez